UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case No. 17-cr-20008
       Hon. Matthew F. Leitman

BARRY CASTRO,

       Defendant.
_____/

**ORDER TO SUPPLEMENT MOTION
FOR COMPASSIONATE RELEASE (ECF No. 54)**

On December 14, 2017, Defendant Barry Castro pleaded guilty in this Court to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (*See* Rule 11 Plea Agmt., ECF No. 36.)  The Court subsequently sentenced Castro to 120 months imprisonment. (*See* Judgment, ECF No. 51, PageID.157.)  Castro is currently serving that sentence at USP Victorville in Adelanto, California.

On December 19, 2020, Castro sent a letter to this Court in which he asked for release from custody due, in part, to the ongoing COVID-19 pandemic. (*See* Ltr., ECF No. 54.)  The Court will construe Castro's letter as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Under Section 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant

has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

Castro has not given the Court enough information to determine whether he has satisfied this exhaustion requirement. Therefore, the Court **DIRECTS** Castro to file a supplement to his motion that informs the Court whether he has submitted a written request for compassionate release to the warden at USP Victorville. If Castro has submitted a written request for compassionate release to the warden at USP Victorville, then Castro shall also inform the Court of the date on which he submitted the request, whether the warden responded to the request, and the date of the warden's response (if any).

If either (1) Castro has not submitted a request for compassionate release to the warden, or (2) Castro has submitted such a request but 30 days have not lapsed since the warden received his request, then the Court will dismiss his current motion (ECF No. 54) without prejudice. In that event, Castro would be permitted to file a motion seeking compassionate release upon exhausting his remedies with the warden.

Additionally, Castro has not given the Court enough information to determine whether he is otherwise qualified for compassionate release. Accordingly, the Court **DIRECTS** Castro to use his supplement to also inform the Court why he believes he qualifies for compassionate release.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>MATTHEW F. LEITMAN<br>UNITED STATES DISTRICT JUDGE

Dated: January 11, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 11, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>Case Manager<br>(810) 341-9761