UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D1, BARRY CASTRO,

      Defendant.
_____/

Case No. 17-cr-20008-1
Hon. Matthew F. Leitman

## **ORDER DENYING DEFENDANT'S (1) REQUEST FOR SENTENCING CREDIT (ECF No. 75) AND (2) MOTION FOR STATUS OF REQUEST (ECF No. 78)**

On December 14, 2017, Defendant Barry Castro pleaded guilty in this Court to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (*See* Rule 11 Plea Agmt., ECF No. 36.) The Court subsequently sentenced Castro to 120 months imprisonment. (*See* Judgment, ECF No. 51, PageID.157.) Castro is currently serving that sentence at USP Victorville in Adelanto, California.

On May 23, 2022, Castro filed a request in which he asks the Court to credit towards his sentence certain time that he spent "transfer[ring] from jail to jail" and in "different federal holding facilities." (Req., ECF No. 75, PageID.472.) The Court has carefully reviewed Castro's request and concludes that he is not entitled to relief for at least two reasons.

1

First, it appears that such a request for time served must first be presented to the Bureau of Prisons' Administrative Remedy Program before it can be brought in federal court. *See* 28 C.F.R. § 542.10 *et seq.* And there is no evidence that Castro exhausted his claim through that administrative process here.

Second, and in any event, a claim for time served must be (1) presented as a petition for habeas corpus under 28 U.S.C. § 2241 and (2) filed in the judicial district of the Defendant's confinement. *See, e.g., Setser v. United States*, 566 U.S. 231, 244 (2012) (explaining that if a prisoner does not receive relief from the Administrative Remedy Program, "he may seek a writ of habeas corpus" under Section 2241); *United States v. Adkins*, 2022 WL 831118, at *2 (N.D. Ohio March. 11, 2022) (explaining that a defendant may "may challenge the Bureau of Prisons' sentence calculation by filing a 28 U.S.C. § 2241 petition in the judicial district where [the defendant] is incarcerated"). Thus, Castro has filed his request in the wrong form and in the wrong forum.

For all of the reasons explained above, Castro's request for credit on his sentence (ECF No. 75) is **DENIED WITHOUT PREJUDICE**.[1]

**IT IS SO ORDERED**.

Dated:  October 12, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has denied Castro's request for credit on his sentence, it **DENIES** his motion for a status report on that request (ECF No. 78) **AS MOOT**.

2

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 12, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126

3